## L. D. Throop v. Joseph Griffin.

1. SURFACE WATERS—*Rights of the Dominant Owner.*—In the absence of some agreement or arrangement between the parties to the contrary, the owner of the dominant estate has the legal right, by means of drains and ditches, to collect the water on his premises that would naturally flow toward a servient estate and discharge it into a natural channel or water-course on such servient estate.

2. SAME—*Dominant Owner Can Not Change the Natural Flow.*—The owner of a dominant estate has no legal right to so collect and discharge upon a servient estate any water that would not naturally flow in the direction of such servient estate.

3. SAME—*Dominant Owner No Right to Collect Surface Waters and Discharge Them Except into a Natural Channel.*—The owner of a dominant estate has not the legal right by means of drains and ditches or otherwise, to collect even the water that would naturally flow toward the servient estate, and discharge it in a body upon the servient estate, except in a natural channel or water-course, and if there be no natural channel or water-course into which it may be discharged, then the owner of the dominant estate has no right to gather and discharge it in a body upon the servient estate.

4. ARBITRATION — *Award Fixing the Relative Rights of Adjacent Owners—Surface Waters.*—An award of arbitrators fixing the duties and rights of parties with respect to ditches and flow of surface water is conclusive, and neither party can recover damages from the other thereafter resulting from a failure to comply with the terms of the award without first showing substantial compliance on his part.

**Action to Recover Damages Resulting from the Obstruction of a Water-Course.**—Trial in the Circuit Court of Franklin County, on appeal from a justice of the peace; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

J. A. TREECE and C. H. LAYMAN, attorneys for appellant.

HART & SPILLER, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace, by appellant against appellee, to recover damages resulting from an obstruction placed by appellee in a ditch on his own land, which caused water flowing from appellant's land to back up and stand on a portion of appellant's premises.

The case was appealed to the Circuit Court, where trial was had by jury, resulting in a verdict and judgment in favor of appellee.

Appellant brings the case to this court, and urges as grounds for reversal the second, third and fourth instructions given by the court at the instance of appellee, and the admission of certain evidence relating to an arbitration had prior to that time between the parties.

Appellant and appellee owned adjoining lands. Appellant's land was higher than the land of appellee. There is a ridge in appellant's land. The land slopes both east and west from the ridge, and the natural flow of the water was from that part east of the ridge, eastward toward a creek, and from that part west of the ridge, westward toward another creek. Appellee's land is situated immediately west of appellant's. The natural flow of the water from that part of appellant's land west of the center of the ridge, is toward and over the land of appellee, but not so as to that part east of the center of the ridge.

There had been a dispute between those parties about the flow of water from these lands, and their respective ditches, and appellant had sued appellee for damages prior to the commencement of the present suit, and they had submitted the whole matter to arbitration. The arbitrators found that appellant was not entitled to the damages then claimed; that he should cut a ditch sufficient to carry all the water south from a certain line; that he should not run his ditch

further east than a certain line running north and south, allowing the water to run its natural course, and that appellee should open and maintain a ditch across his land westward to a branch.

The damage sued for in this case accrued after the arbitration and award.

In the absence of some agreement or arrangement between the parties to the contrary, the law is, that the owner of the dominant estate has legal right, by means of drains and ditches, to collect the water on his premises that would naturally flow toward a servient estate, and discharge it into a natural channel or water-course on such servient estate; but the law also is, that the owner of a dominant estate has not legal right to so collect and discharge onto a servient estate, any water that would not naturally flow in the direction of such servient estate; and further, the owner of a dominant estate has not legal right, by means of drains and ditches or otherwise, to collect even the water that would naturally flow toward the servient estate, and discharge it, in a body, on the servient estate, except in a natural channel or water-course, and if there be no natural channel or water-course into which it may be discharged, then the owner of the dominant estate has no right to gather and discharge it in a body on the servient estate.

The award of the arbitrators fixed the duties and rights of these parties with respect to the ditches and flow of the water in controversy here, and neither party can recover damages from the other, thereafter resulting from a failure to comply with the terms of that award, without first showing substantial compliance on his part.

There is ample evidence tending to show that appellant was causing to flow through his ditches, and discharging in a body on appellee's premises, much water that would not naturally flow in that direction; that he was discharging such water onto appellee's premises at a point where there was no natural channel or water-course, and that he had not himself so far complied with the terms of the award as to be entitled to the use of appellee's ditch for all the water he sought to discharge into it.

The evidence concerning the award was properly admitted.

The third instruction is a statement of a mere abstract proposition, and ought not to have been given in that form, but under the facts of this case it could not have misled the jury.

The second and fourth instructions are to the effect that appellant could not recover unless he had complied on his part with the terms of the award.

Under the facts of this case we are of opinion that these instructions correctly state the law.

The judgment of the Circuit Court is affirmed.